IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ENZO LIFE SCIENCES, INC.** | |
| Plaintiff, | |
| v. | Civil Action No. 15-271-LPS-CJB |
| **HOLOGIC, INC.,** | |
| Defendant. | |

**STIPULATION AND ORDER TO STAY 2015 ACTION
PENDING RESOLUTION OF SUMMARY JUDGMENT MOTIONS
REGARDING '180 AND '197 PATENTS IN RELATED LITIGATIONS**

WHEREAS, in 2012, Enzo Life Sciences, Inc. ("Enzo") filed ten actions before this Court, alleging infringement of U.S. Patent Nos. 6,992,180 ("the '180 patent"), 7,064,197 ("the '197 patent"), and/or 8,097,405 ("the '405 patent") (collectively, "the Related Litigations");[1] and

WHEREAS, among the Related Litigations is an action against Hologic, Inc. ("Hologic") ("the 12-276 Action") and an action against Gen-Probe Incorporated ("Gen-Probe," which became part of Hologic in August 2012) ("the 12-104 Action"); and

---

[1] The ten cases in the Related Litigations include: (1) *Enzo Life Sciences, Inc. v. Hologic, Inc.*, C.A. No. 12-276-LPS (filed Mar. 6, 2012) (involving the '180 patent); (2) *Enzo Life Sciences, Inc. v. Gen-Probe Incorporated*, C.A. No. 12-104-LPS (filed Jan. 30, 2012) (involving the '180 patent); (3) *Enzo Life Sciences, Inc. v. Life Techs. Corp.*, C.A. No. 12-105-LPS (filed Jan. 30, 2012) (involving the '180 and '197 patents); (4) *Enzo Life Sciences, Inc. v. Roche Molecular Sys. Inc.*, C.A. No. 12-106-LPS (filed Jan. 30, 2012) (involving the '180 and '197 patents); (5) *Enzo Life Sciences, Inc. v. Abbott Labs.*, C.A. No. 12-274-LPS (filed Mar. 6, 2012) (involving the '180, '197, and '405 patents and an intervenor, Luminex Corporation); (6) *Enzo Life Sciences, Inc. v. Becton Dickinson & Co.*, C.A. No. 12-275-LPS (filed Mar. 6, 2012) (involving the '180 and '197 patents); (7) *Enzo Life Sciences, Inc. v. Affymetrix, Inc.*, 12-433-LPS (filed Apr. 6, 2012) (involving the '197 patent); (8) *Enzo Life Sciences, Inc. v. Illumina, Inc.*, 12-435-LPS (filed Apr. 6, 2012) (involving the '197 patent); (9) *Enzo Life Sciences, Inc. v. Agilent Techs., Inc.*, 12-434-LPS (filed Apr. 6, 2012) (involving the '197 patent); and (10) *Enzo Life Sciences, Inc. v. Siemens Healthcare Diagnostics, Inc.*, C.A. No. 12-505-LPS (filed Apr. 20, 2012) (involving the '197 patent).

WHEREAS, Enzo asserted the '180 patent against Hologic and Gen-Probe in the Related Litigations; and

WHEREAS, in the 12-276 and 12-104 Actions, Hologic and Gen-Probe have raised, among other defenses, noninfringement, invalidity, unenforceability, and laches with respect to the '180 patent; and

WHEREAS, the Court coordinated the pre-trial proceedings of the Related Litigations and held a claim construction hearing for the '180, '197, and '405 patents on August 18, 2014; and

WHEREAS, the parties will commence expert discovery following the Court's claim construction order; and

WHEREAS, fact discovery in the Related Litigations closed on October 15, 2014; and

WHEREAS, on March 27, 2015, Enzo filed the instant action (the "2015 Action") against Hologic, alleging infringement of the '180 patent and the '197 patent; and

WHEREAS, on May 15, 2015, Enzo filed its First Amended Complaint ("the FAC") in the 2015 Action (D.I. 8), which included additional allegations in support of its claims for willful infringement; and

WHEREAS, on June 1, 2015, Hologic filed in the 2015 Action:

(1) an answer to the FAC raising, among other defenses, noninfringement, invalidity, unenforceability, and laches with respect to the '180 and '197 patents (*see* D.I. 9); and

(2) a motion to dismiss the willfulness allegations of the FAC ("Motion to Dismiss") (*see* D.I. 10, 11, 12); and

      (3) a motion to stay the 2015 Action pending resolution of the Related Litigations ("Motion to Stay") (*see* D.I. 13, 14, 15); and

WHEREAS, no scheduling conference or discovery has taken place in the 2015 Action; and

WHEREAS, the parties believe that the Court's forthcoming claim construction order in the Related Litigations may resolve or otherwise clarify certain '180 patent issues in the Related Litigations and the 2015 Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties and subject to the approval of the Court, as follows:

1. The 2015 Action is STAYED pending the resolution of any summary judgment motions which may be filed in the Related Litigations regarding (1) the infringement, validity, or enforceability of the '180 and '197 patents or (2) an affirmative defense concerning the '180 and '197 patents whose resolution would potentially impact Hologic's liability in the 2015 Action;

2. The stay shall expire automatically upon any of the following events:

    (a) The Court issues an order(s) which resolves all pending summary judgment motions identified in Section 1 above; or

    (b) The deadline for filing dispositive motions in the Related Litigations has passed and no party has filed a summary judgment motion regarding either the '180 patent or the '197 patent.

3. The Motion to Stay is hereby withdrawn without prejudice to renew upon the expiration of the stay.

4.  Within ten (10) business days following the expiration of the stay, if a stipulation of dismissal has not been filed in the 2015 Action, counsel for Enzo and Hologic shall submit a joint status report to this Court, including a proposed schedule to complete briefing on the Motion to Dismiss.

Dated: June 11, 2015                                                Respectfully submitted,

FARNAN LLP                                                          YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Brian E. Farnan*                                               */s/ Karen L. Pascale*

Brian E. Farnan (#4089)                                             Karen L. Pascale (#2903)
Michael J. Farnan (#5165)                                           Pilar G. Kraman (#5199)
919 N. Market Street, 12th Floor                                    Rodney Square
Wilmington, DE 19801                                                1000 North King Street
(302) 777-0300                                                      Wilmington, DE 19801
bfarnan@farnanlaw.com                                               (302) 571-6600
mfarnan@farnanlaw.com                                               kpascale@ycst.com
                                                                    pkraman@ycst.com
*Attorneys for Plaintiff,*
*Enzo Life Sciences, Inc.*                                          *Attorneys for Defendant,*
                                                                    *Hologic, Inc.*

SO ORDERED this _____ day of _____, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on June 11, 2015, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record in the manner indicated:

*By E-Mail*

Brian E. Farnan [bfarnan@farnanlaw.com]
Michael J. Farnan [mfarnan@farnanlaw.com]
**FARNAN LLP**
919 North Market Street
12th Floor
Wilmington, DE  19801

John M. Desmarais [jdesmarais@desmaraisllp.com]
Michael P. Stadnick [mstadnick@desmaraisllp.com]
Jordan N. Malz [JMalz@desmaraisllp.com]
Justin P.D. Wilcox [jwilcox@desmaraisllp.com]
Peter C. Magic [PMagic@desmaraisllp.com]
Jessica A. Martinez [JMartinez@desmaraisllp.com]
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169

*Attorneys for Plaintiff Enzo Life Sciences, Inc.*

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
Pilar G. Kraman (#5199) [pkraman@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19899-0391
Telephone:  302-571-6600
*Attorneys for Defendant Hologic, Inc.*